Nott, J.,
delivered the oifinion of the court:
This is an action to recover the net proceeds of fourteen bales and one hundred and fifty-five pounds of upland cotton, captured at Savannah. The amount claimed is f 6,439 50.
The claimant was a slave. His owner was the senior partner *435 in tlie liouse of Erwin & Hardie. Mr. Erwin bas been a witness in tbe case, and be tbns testifies as to tbe claimant:
“About ten years ago, to tbe best of my recollection, be sought me and asked me to purchase him. I told John to go to bis master to ask him tbe lowest price that would buy him; make bis own trade, come to me, and I would give him a check. I bought him and put him in tbe office of Erwin & Hardie. He received, sampled, and weighed all of our cottons, except when be was so pressed as to require assistance of any other person in tbe office. While be was sampler with us I told John that all tbe sample cotton and picldngs be should take and should have, and, in addition to that, that be must let me know, from time to time, what was the expense of bis living, and we would give him a salary accordingly. I know that John saved, from time to time, these samples, which be bad pulled and put in proper shape, and at my suggestion all tbe money be bad on band be invested in cotton from time to time. A part of bis cotton, I know, was stored with us; I gave him free storage for everything be bad, and I think that some of bis cotton remained with us; we put it in bales for him, and, I think, be allowed it to remain there. There were some few lots that be bought from us. We kept a regular account, and we credited him with services, and we would sell him a lot at usual prices, and let him retail it out for bis own benefit, such small lots as two or three bales at a time. This may have been as often as three or four times. We would let him buy single bales, and I would charge tbe money to bis account. Once or twice I have done that with him. I advised him to invest in cotton, and am somewhat responsible for bis loss to-day. Tbe cotton be bad in our store was taken by tbe United State's government. I do not remember tbe number of bales. John bad tbe immediate charge of our warehouse; be carried tbe keys.”
Tbe chief point made by tbe learned counsel for tbe defendants is, that four bales and tbe loose cotton “ are not shown to have ever reached the hands of the proper authorities.”
Tbe objection is well taken. Tbe claimant’s counsel in bis brief (for tbe case bas been submitted and not argued) relies upon tbe “ Registration Book of Qapttvred (JottonP But tbe registration book merely shows that tbe cotton was reported, and is blank as to its seizure. This does not raise a presumption of seizure, and is insufficient proof of capture to sustain a recovery. *436 Tlie testimony quoted of Mr. Erwin shows the capture only of that on his premises, which was but ten bales, and does not shoAV the capture of that reported to be near “ Witter’s Mills.” The only reference in the brief to other testimony is to the deposition of the claimant, which is not now competent evidence. As to the ten bales, they are helped out by the bill of lading of the ship Lawrence, which shows ten bales of cotton belonging to John Habersham. And to that extent judgment should be rendered.
Since the suit was begun the claimant has died, and his widow has been appointed administratrix. Her letters of administration have also been duly produced, and the suit continued in her name.
The judgment of the court is, that the claimant, as adminis-tratrix of the original claimant, recover of the defendants the net proceeds of ten bales of upland cotton, captured at Savannah, being $167 per bale, and amounting to one thousand six hundred and seventy dollars, ($1,670.)